IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BARBARA WARD, JOSEPH GARCIA,
ROBIN LYNN, TIMOTHY MORRIS,
DAVID READING, and PHILIP WILTON,
individually and on behalf of all others
similarly situated,

                      Plaintiffs,

    v.

THELADDERS.COM, INC.

                      Defendant.

Civil Action No. 1:13-cv-01605-JGK

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL
RECONSIDERATION**

Dated:  April 9, 2014

**BURSOR & FISHER, P.A.**

Scott A. Bursor (SB1141)
Joseph I. Marchese (JM1976)
Neal J. Deckant (ND1984)
Yitzchak Kopel (YK5522)
888 Seventh Ave
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
        jmarchese@bursor.com
        ndeckant@bursor.com
        ykopel@bursor.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................... 1

LEGAL STANDARD................................................................................................... 2

ARGUMENT ............................................................................................................... 3

I.      Defendant Fails To Meet The Legal Standard For A Motion For
        Reconsideration................................................................................................ 3

        A.      The Court Did Not Overlook Any Factual Matters ................................ 3

        B.      The Court Did Not Overlook Any Controlling Decisions ..................... 3

        C.      Defendant's Motion Makes New Arguments That Are Wrong And
                Untimely For A Motion For Reconsideration........................................ 4

II.     The Resume Plaintiffs Adequately Plead Deception And Causation Under
        GBL § 349........................................................................................................ 4

        A.      Plaintiffs' Allegations ........................................................................... 4

        B.      Defendant's Arguments Are Wrong ...................................................... 5

                1.      The Court Has Already Considered And Rejected
                        Defendant's Arguments ..............................................................6

                2.      Plaintiffs Alleged They Were Injured By Defendant's
                        Deceptive Scheme To Misrepresent Salesperson
                        Qualifications In The Expert Resume Critique Letters..............6

                3.      Defendant's Motion Confuses Causation With Reliance ...........7

                4.      Common-Law Fraud Requires A More Demanding
                        Standard Than GBL § 349 .........................................................8

                5.      Defendant's Citations Do Not Support Its Position..................10

        CONCLUSION.................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ass. Fin. Corp. v. Kleckner,*
   2011 WL 2693576 (S.D.N.Y. Jul. 11, 2011)........................................................ 1, 3

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris Inc.,*
   178 F. Supp. 2d 198 (E.D.N.Y. 2001) ...................................................... 6

*Gaidon v. Guardian Life Ins. Co. of Am.,*
   94 N.Y.2d 330, 704 N.Y.S.2d 177 N.E.2d 598 (1999) .................................... 7, 8, 9

*In re Houbigant,*
   914 F. Supp. 997 (S.D.N.Y. 1996) ........................................................ 2

*Koch v. Christie's Int'l PLC,*
   785 F. Supp. 2d 105 (S.D.N.Y. 2011) .................................................. 3, 10

*LaCourte v. JP Morgan Chase & Co.,*
   2013 WL 483095 (S.D.N.Y. Sept. 4, 2013) .......................................... 3, 10

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,*
   647 N.E.2d 741 (N.Y. 1995) .............................................................. 2, 6

*Pelman v. McDonald's Corp.,*
   272 F.R.D. 82 (S.D.N.Y. 2010)............................................................ 6

*Pension Fund v. Marine Midland Bank, N.A.,*
   647 N.E.2d 741 (N.Y. 1995) .............................................................. 2, 6

*Solomon v. Bell Atl. Corp.,*
   9 A.D. 3d 49 (1st Dep't 2004) ............................................................ 3, 10

*Stutman v. Chem. Bank,*
   731 N.E. 608 (N.Y. 2000) .................................................................. 7, 8

*Tasini v. AOL, Inc.,*
   851 F. Supp. 2d 734 (S.D.N.Y. 2012) ................................................ 3, 10

*United States v. Letscher,*
   83 F. Supp. 2d 367 (S.D.N.Y. 1999) .................................................... 2

*Walsh v. McGee,*
   918 F. Supp. 107 (S.D.N.Y. 1996) .................................................... 1, 2, 4

*Weber v. Multimedia Entm't, Inc.,*
   No. 97 Civ. 0682 (JGK), 2000 WL 724003 (S.D.N.Y. June 5, 2000) ........................ 2

**STATUTES**

GBL § 349.................................................................................................................... passim

## INTRODUCTION

Defendant's motion completely ignores the legal standard for reconsideration which requires the moving party to "demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion." *Walsh v. McGee,* 918 F. Supp. 107, 110 (S.D.N.Y. 1996). In an attempt to circumvent this standard, Defendant argues that "the Court overlooked Plaintiffs' binding judicial admission … that they were misled by the purported resume critiques – not TheLadders' advertisements …." Def's Br. at 2. But as recounted below, the Court did not overlook anything. In fact, the Court directly addressed Plaintiffs' statement in its Order, and found that it was "immaterial for the purposes of the GBL § 349 claim." *See* Order at 35 n.10. And TheLadders has not provided any grounds for reconsideration of the Court's finding.

The motion is devoid of *any* controlling authority that was overlooked to support its arguments, as is required for a motion for reconsideration. And Defendant's motion is based on an argument that Defendant failed to raise in its reply brief, it's so-called "demonstrative slides," or during oral argument before the Court. Simply put, Defendant has "failed to show that there were any issues of fact or law that the Court overlooked." *Ass. Fin. Corp. v. Kleckner*, 2011 WL 2693576, at *1 (S.D.N.Y. Jul. 11, 2011). While Defendant "disagree[s] with the Court's decision, that is not a basis for reconsideration." *Id.*

The Court has already considered and rejected Defendant's arguments for good reason. Notably, Defendant fails to address the Court's finding that "misrepresenting a sales pitch as 'expert resume critique' is … sufficient to support an inference that the defendant's behavior was 'knowingly deceptive,' *especially in light of the alleged instruction to the sales personnel on how to represent themselves as 'writers[s] and analyst[s].*" Order at 34-35 (emphasis added).[1] Defendant's motion also confuses causation under GBL § 349 with reliance, an element that Plaintiffs do not need to allege to state this claim. *See* Order at 35 (citing *Oswego Laborers'*

---

[1] Defendant quotes the Court's order in its motion but omits the italicized portion. *See* Def's Br. at 2.

1

*Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995)).  The
Resume Plaintiffs fell prey to an extensive scheme by Defendant to deliberately mislead them
about the qualifications of the individuals who signed their purported expert resume critiques.
Defendant accomplished the deception, by, among other things, sending resume critiques which
purported to be written by "executive resume analyst[s]."  *See* Addonizio Decl. Ex. 9 at 5
(Plaintiff Garcia's critique); *id.* Ex. 11 at 5 (Plaintiff Morris' critique).  Plaintiffs allege that this
deceptive scheme of misrepresenting its salespeople's qualifications caused them to purchase
resume rewriting services.  *See*, *e.g.*, SAC ¶ 70 ("Mr. Garcia would not have contracted with
TheLadders for its resume rewriting services if he had known … that the 'expert' who drafted his
'expert resume critique' was not an expert at all."); *id.* ¶ 93 (same for Plaintiff Morris).

## <u>LEGAL STANDARD</u>

A motion for reconsideration is governed by Local Civil Rule 6.3.  In deciding a motion
for reconsideration pursuant to Local Civil Rule 6.3, the Court applies the same standards as
those governing former Local Civil Rule 3(j).  *See United States v. Letscher,* 83 F. Supp. 2d 367,
382 (S.D.N.Y. 1999) (collecting cases).  The moving party is required to demonstrate that the
Court overlooked the controlling decisions or factual matters that were put before the Court in
the underlying motion.  *See McGee,* 918 F. Supp. at 110; *In re Houbigant,* 914 F. Supp. 997,
1001 (S.D.N.Y. 1996).  This rule is "narrowly construed and strictly applied so as to avoid
repetitive arguments on issues that have been considered fully by the Court."  *Walsh,* 918 F.
Supp. at 110; *see also Weber v. Multimedia Entm't, Inc.,* No. 97 Civ. 0682 (JGK), 2000 WL
724003 (S.D.N.Y. June 5, 2000).

## ARGUMENT

### I.   DEFENDANT FAILS TO MEET THE LEGAL STANDARD FOR A MOTION FOR RECONSIDERATION

#### A.   The Court Did Not Overlook Any Factual Matters

Defendant contends that reconsideration of the Court's Order is warranted because "the Court overlooked Plaintiffs' binding judicial admission in their Opposition Brief that they were misled by the purported resume critiques – not TheLadders' advertisements on its website and elsewhere about the critiques." Def's Br. at 2. That is wrong. The Court directly addressed Plaintiffs' statement in its order and found it to be irrelevant to the GBL § 349 claim. *See* Order at 35 n.10 ("As noted above, the plaintiffs do not argue that they relied on these advertisements such as those representing the resume critique to be 'expert resume critique' service. However, *this concession is immaterial for purposes of the GBL § 349 claim* because reliance is not an element of this claim.") (emphasis added). Therefore, Defendant's argument that the Court "overlooked" this defies explanation. Simply put, Defendant has "failed to show that there were any issues of fact or law that the Court overlooked." *Ass. Fin. Corp. v. Kleckner*, 2011 WL 2693576, at *1 (S.D.N.Y. Jul. 11, 2011).

#### B.   The Court Did Not Overlook Any Controlling Decisions

Defendant does not argue that the Court overlooked any controlling decisions. In fact, Defendant's motion cites solely to non-controlling decisions for its argument that Plaintiffs failed to satisfy causation under GBL § 349. *See Koch v. Christie's Int'l PLC*, 785 F. Supp. 2d 105 (S.D.N.Y. 2011); *LaCourte v. JP Morgan Chase & Co.,* 2013 WL 483095 (S.D.N.Y. Sept. 4, 2013); *Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734 (S.D.N.Y. 2012)[2]; *Solomon v. Bell Atl. Corp.*, 9 A.D. 3d 49 (1st Dep't 2004). These cases cannot appropriately be considered on a motion for reconsideration which is limited to "*controlling* decisions which counsel believes the court has overlooked." *McGee*, 918 F. Supp. at 110 (emphasis added).   Because none of these decisions

---

[2] Defendant correctly notes that this case was affirmed by the Second Circuit. *See* 505 F. App'x 45 (2d Cir. 2012). That decision is also *not* controlling authority because it is a Summary Order. *See* Second Circuit Rule 32.1.1 ("Rulings by summary order do not have precedential effect.").

constitute controlling authority, they are inappropriately cited on a motion for reconsideration, and may not be considered. Regardless, as discussed *infra* at pp. 10, they are also completely inapposite.

### C. Defendant's Motion Makes New Arguments That Are Wrong And Untimely For A Motion For Reconsideration

In its motion, Defendant argues that Plaintiffs made a "binding admission" in their motion to dismiss opposition papers that forecloses the possibility of proving being misled or causation under their GBL § 349 claims. Def's Br. at 3. Defendant is wrong. In fact, its moving brief fails to address the very scheme that the Court found sufficient to support Plaintiffs' GBL § 349 claim. And, the Court found that Plaintiffs' concession is irrelevant in the context of GBL § 349. *See* Order at 35 n.10. Moreover, Defendant's arguments are totally conclusory and do not stand up to analytical scrutiny. Separately, Defendant cannot make this argument on a motion for reconsideration after failing to already make it in its motion papers or at oral argument. *See Walsh v. McGee,* 918 F. Supp. at 110 (stating that a court may only consider "controlling decisions or factual matters that were put before the court in the underlying motion"). Tellingly, after Plaintiffs supposedly made this "admission" in their opposition papers, Defendant did not argue in its fifteen page reply brief that Plaintiffs failed to meet the elements of GBL § 349 as a result. Nor did Defendant make this argument in its seventeen page so-called "demonstrative slides" it distributed to the Court at oral argument. And despite having ample time to do so at oral argument, Defendant once again failed to raise the issue. After failing to make this argument in a timely fashion, Defendant cannot now make this argument on a motion for reconsideration.

## II. THE RESUME PLAINTIFFS ADEQUATELY PLEAD DECEPTION AND CAUSATION UNDER GBL § 349

### A. Plaintiffs' Allegations

The SAC's allegations on behalf of the Resume Plaintiffs stem from Defendant's so-called "expert resume critique" which it sent to each premium member that signed up for its service. *See* Plaintiffs' Opp. Br. to Defendant's Motion to Dismiss at 25 [Dkt. No. 39] (citing

SAC ¶ 48).  Plaintiffs allege these critiques were actually form letters that advised members (whether true or false) that their resumes were plagued with problems in order to induce them into purchasing unnecessary resume rewriting services.  *See id.* (citing SAC ¶ 51).  The form letters were drafted by salespeople who had no experience in the field of resume consulting.  *See id.* (citing SAC ¶ 52).  These salespeople were paid on commission, making exactly $10 for each person they can sell into purchasing rewrites.  *See id.*  Because they were paid nothing for the letters written to people who did not receive rewrites, they were strongly incentivized and instructed to heavily criticize members' resumes, and misrepresent their qualifications to premium members to sell Defendant's resume rewriting services.  *See id.*

Defendant's salespeople used a crib-sheet with instructions on drafting these form letters. *Id.* (citing SAC ¶ 54).  The SAC includes instructions from the crib-sheet which instructed the salespeople on how to sell the resume rewriting services by misrepresenting the salespeople's qualifications as resume "writer[s] and analyst[s]" within the resume critique letters.  Order at 34-35 (citing SAC ¶ 56).  These instructions show a clear intent on the part of Defendant to materially mislead its members about the qualifications of the people issuing the expert resume critiques in order to deceptively sell resume rewriting services.  *Id.* at 25-26.  *See also* SAC ¶ 163 ("Defendant made material misrepresentations to the Resume Plaintiffs … by misrepresenting the "expert" status of the salespeople who 'critiqued' them."); *id.* ¶ 70 ("Mr. Garcia would not have contracted with TheLadders for its resume rewriting services if he had known … that the 'expert' who drafted his 'expert resume critique' was not an expert at all.").

### B.   Defendant's Arguments Are Wrong

Defendant argues that Plaintiffs cannot show being misled or causation under GBL § 349 because they did not rely specifically on external advertisements touting their resume critiques as "expert resume critiques."  Specifically, Defendant argues that because the Court found that the content of Defendant's critiques themselves were insufficient to form a basis for demonstrating *reasonable reliance under the standard for common-law fraud*, Plaintiffs cannot show that

Defendant's deceptive conduct in the expert resume critiques caused them to purchase resume rewriting services.  This is wrong for several, independent reasons.

### 1.	The Court Has Already Considered And Rejected Defendant's Arguments

First, the Court has already considered and rejected Defendant's arguments.  In its Order, the Court noted that Plaintiffs' reliance on advertisements touting the expert resume critiques was "immaterial for purposes of the GBL § 349 claim because reliance is not an element of this claim."  Order at 35 (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995)).  And the Court specifically held that Plaintiffs adequately plead "that the allegedly deceptive practices caused the alleged injury" because "the plaintiffs allege that they … signed up for resume rewriting service as a result of seeing the defendant's representations on the website, and such allegations are sufficient to support the element of actual injury at this stage."  Order at 35 (citing SAC ¶¶ 66, 76, 90, 100, 107, 112).

Moreover, the Court also acknowledged Plaintiffs' allegations that the deception about the salespeople's qualifications caused them to purchase the resume rewriting services, but Defendant failed to address these allegations in its moving brief.  Order at 27 (citing SAC ¶¶ 70, 84, 93).

### 2.	Plaintiffs Alleged They Were Injured By Defendant's Deceptive Scheme To Misrepresent Salesperson Qualifications In The Expert Resume Critique Letters

Second, it is immaterial whether or not Plaintiffs relied on external advertisements touting the service.  "An extensive marketing scheme is actionable under GBL § 349, such that Plaintiffs need not confirm that each plaintiff saw or heard each advertisement."  *Pelman v. McDonald's Corp.*, 272 F.R.D. 82, 97 (S.D.N.Y. 2010).  *See also Pelman v. McDonalds Corp.*, 396 F. Supp. 2d 439, 445 (S.D.N.Y. 2005) ("[A] general allegation of deception states a claim under GBL § 349.") (citing *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris Inc.,* 178 F. Supp. 2d 198 (E.D.N.Y. 2001), *rev'd on other grounds sub nom., Empire Healthchoice, Inc. v. Philip Morris USA, Inc.,* 393 F.3d 312 (2d Cir. 2004); *Gaidon v. Guardian Life Ins. Co. of Am.,* 94 N.Y.2d 330,

704 N.Y.S.2d 177, 725 N.E.2d 598 (1999))).  *See Blue Cross,* 178 F. Supp. 2d at
210 ("[P]laintiff adduced sufficient evidence for a jury to find that defendants engaged in a
successful scheme to distort the body of public knowledge ...."); *id.* at 271 ("Proof that each
individual subscriber was personally addressed by the defendant was not necessary.  The
evidence was sufficient to support the conclusion that this fraud caused damage to plaintiff
recoverable under section 349."); *Gaidon,* 704 N.Y.S.2d 177, 725 N.E.2d at 603 (holding
"extensive marketing scheme" actionable under GBL § 349).  Here, Defendant conducted an
extensive scheme to mislead its members into purchasing resume rewriting services by making
misrepresentations in the resume critique letters about the qualifications of the individuals who
issued its resume critiques.

The scheme went far beyond Defendant's external advertisements touting its critiques as
"expert resume critiques."  *See, e.g.,* SAC ¶ 41.  The critiques were drafted by salespeople who
had no experience in the field of resume consulting and were encouraged to actively
misrepresent their qualifications.  *See* SAC ¶ 52.  The writers represented themselves in the
critiques as "executive resume analyst[s]."  *See* Addonizio Decl. Exs. 9 & 11.  The Resume
Plaintiffs allege that this scheme caused them to purchase resume rewriting services.  *See* SAC ¶
70 ("Mr. Garcia would not have contracted with TheLadders for its resume rewriting services if
he had known … that the 'expert' who drafted his 'expert resume critique' was not an expert at
all."); *id.* ¶ 93 (same for Plaintiff Morris).  That is sufficient to satisfy causation under GBL §
349.

### 3.    Defendant's Motion Confuses Causation With Reliance

Third, Defendant confuses the causation element of GBL § 349 with reliance.
Defendant's motion does not even attempt to distinguish between the two concepts.  But the New
York Court of Appeals has made clear that "there is a difference between reliance and causation"
in the context of a GBL § 349 claim.  *Stutman v. Chem. Bank*, 731 N.E. 608, 612 (N.Y. 2000).
In *Stutman*, the court analyzed whether a bank had violated GBL § 349 by promising that a
mortgage would have no "prepayment charge," but then assessing a $275 "attorney's fee" when

the plaintiffs sought to refinance their loan. *Id.* at 610. After the appellate court dismissed the claim, because there was no showing "that the note's failure to disclose the $275 attorney's fee had any effect on plaintiffs' decision to borrow from defendant in the first place," the Court of Appeals reversed the dismissal, stating that the wrong standard was applied by the lower court, "because reliance is *not* an element of a Section 349 claim." *Id.* at 612 (emphasis in original). The court held that the causation requirement was satisfied because the "plaintiffs allege[d] that defendant's material deception caused them to suffer a $275 loss." *See id.* at 613. They were not required to make an additional showing of reliance on the deception.

Here, as detailed above, Defendant engaged in an extensive scheme to mislead Plaintiffs about the qualifications of its purported experts who signed the resume critique letters. And Plaintiffs allege that they were injured from the deception. *See, e.g.* SAC ¶ 96 ("Prior to contracting for resume rewriting services, TheLadders did not disclose to Dr. Morris that the so-called 'expert' who 'wrote' the form letter was a salesperson who was not trained in the field of resume consulting. Dr. Morris would not have contracted for resume rewriting services had he known the truth about this omission."); *id.* ¶ 72 (same for Plaintiff Garcia). Nothing further is required.

### 4.     Common-Law Fraud Requires A More Demanding Standard Than GBL § 349

Fourth, Defendant argues that because the Court found the text of the resume critiques alone was insufficient to give rise to an inference of reasonable reliance under a common-law fraud standard, the same logic necessarily applied under a GBL § 349 analysis. Def's Br. at 7-8. But Defendant is comparing apples to oranges. The New York Court of Appeals has advised that while "a deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances … a deceptive practice … need not reach the level of common-law fraud to be actionable under section 349." *Stutman*, 731 N.E.2d at 611 (internal quotations and citations omitted). The Court of Appeals articulated the significant difference in standards between claims for fraud and violation of GBL § 349 in the case of *Gaidon v.*

*Guardian Life Ins. Co of Am.*, 725 N.E.2d 598 (N.Y. 1999) where it declared that "[a] practice may carry the capacity to mislead or deceive a reasonable person by not be fraudulent.  That distinction separates plaintiffs' fraud claims from the section 349 claims."  725 N.E.2d at 606.  In *Gaidon*, the plaintiffs asserted claims for fraud and violation of GBL § 349 in connection with their purchase of the defendants' "vanishing premium" life insurance policies, about which the defendant represented that "out-of-pocket premium payments would vanish within a stated period of time."  *Id.* at 600.  There, the defendants argued that the plaintiffs should have known that the interest rate would not necessarily remain constant because they made a partial disclosure revealing "the possibility of a dividend/interest rate decline."  *Id.* at 607-08.  The court found that because the defendants made this partial disclosure, "but did not reveal its practical implications to the policyholder," the plaintiffs stated a claim under GBL § 349, but not common law fraud, stating:

> An omission or misrepresentation may be so trifling as to be
> legally inconsequential or so egregious as to be fraudulent, or even
> criminal.  Or it may fall somewhere in between, as it does here. …
> We conclude that although defendants' sales practice, as pleaded
> falls within the purview of General Business Law § 349, it does
> not constitute a "misrepresentation on material omission"
> necessary to sustain a cause of action for fraud.

*Id.*

The facts of the present situation are similar to those of *Gaidon*.  While the text of Defendant's critiques alone were held insufficient to support the reasonable reliance element of Plaintiffs' common-law fraud claim, Defendant's internal scheme to employ a deceptive sales pitch to the Resume Plaintiffs in the resume critique letters in order to sell rewriting services is enough to support a GBL § 349 claim.  The alleged deception included that the critiques were issued by salespeople who were instructed to misrepresent their qualifications in the field of resume writing and consulting.  This was particularly misleading given that each salesperson signed the critiques, as instructed, as an "executive resume analyst," but that was false.  This deception is materially misleading for purposes of maintaining a claim under GBL § 349.

9

### 5.    Defendant's Citations Do Not Support Its Position

Finally, the cases to which Defendant cites for its argument that the Resume Plaintiffs cannot prove causation under GBL § 349 are all inapposite.  In *Koch v. Christie's Int'l PLC*, 785 F. Supp. 2d 105, 110 (S.D.N.Y 2011) the Plaintiff sued for misrepresentations about a bottle of wine "he thought was counterfeit prior to the auction" at which he purchased it.  Likewise, in *LaCourte v. JP Morgan Chase & Co.*, 2013 WL 4830935 at *10 (S.D.N.Y. Sept. 4, 2013) the plaintiff sued over the defendants' attempts to collect on a debt he no longer owed.  The collection attempts did not cause the plaintiff to pay additional monies, as he immediately disputed the charges and never paid them.  Here, in contrast to these cases, the Resume Plaintiffs did not know (and had no way of knowing) that Defendant's purported "experts" were unqualified salespeople.  In fact, each Resume Plaintiff alleges he "would not have contracted with TheLadders for its resume rewriting services if he had known … that the 'expert' who drafted his 'expert resume critique' was not an expert at all."  SAC ¶¶ 70 & 93.

In *Tasini v. AOL, Inc.* 851 F. Supp. 2d 734, 745 (S.D.N.Y. 2012), *aff'd*, 505 F. App'x 45 (2d Cir. 2012) this Court found that the defendant's misrepresentations were not materially misleading.  But the Court here has already explicitly found that Plaintiffs' allegations are "sufficient to support an inference that the defendant's behavior was knowingly deceptive …." Order at 34.

Finally, In *Solomon v. Bell Atl. Corp.*, 9 A.D.3d 49, 52-53 (1st Dep't 2004) the court denied class certification of the GBL § 349 claim because common issues predominated where some class members were not exposed to the deceptive conduct.  While this is not at issue during the pleading stage, Plaintiffs allege that common legal and factual questions for the Resume Class include "Whether TheLadders misrepresents that it provides 'expert resume critiques' when the so-called critiques are written by salespeople with no training in the field of resume consulting."  SAC ¶ 123.

10

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court deny

Defendant's Motion for Partial Reconsideration of the Portion of the Court's March 12 Dismissal

Order as it Related to the "Expert" Resume Critiques in its entirety.

Dated:  April 9, 2014

Respectfully submitted,

By:     */s/ Joseph I. Marchese*
         Joseph I. Marchese

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SB1141)
Joseph I. Marchese (JM1976)
Neal J. Deckant (ND1984)
Yitzchak Kopel
888 Seventh Ave
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
          jmarchese@bursor.com
          ndeckant@bursor.com
          ykopel@bursor.com

*Attorneys for Plaintiffs*